1

2

3

4                               UNITED STATES DISTRICT COURT

5                               EASTERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| ROBEY HAIRSTON, | No.  1:16-cv-01317-AWI-SKO  HC |
| Petitioner, | **FINDINGS AND RECOMMENDATION THAT COURT DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS** |
| v. | |
| JUDGE GAR T. FRIEDMAN AND DISTRICT ATTORNEY ISEN, | |
| Respondents. | |

7

8

9

10

11

12

13                              **Screening Memorandum**

14          Petitioner Robey Hairston is a state prison proceeding *pro se* with a petition for writ of

15   habeas corpus pursuant to 28 U.S.C. § 2254.

16   **I.      Preliminary Screening**

17          Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

18   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

19   plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

20   Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

21   A petition for habeas corpus should not be dismissed without leave to amend unless it appears

22   that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*,

23   440 F.2d 13, 14 (9th Cir. 1971).

24   **II.     Procedural History**

25          Petitioner was convicted of assault (California Penal Code § 3391) in Kern County

26   Superior Court.  On July 31, 2016, the Superior Court sentenced Petitioner to a prison term of 12

27

28                                              1

1
2
years.  Petitioner filed neither a direct appeal of his conviction nor a habeas petition in California

State Court.

3
4
        On September 1, 2016, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in

5
the Sacramento Division of this Court.  The petition was transferred to the Fresno Division on

6
September 7, 2016.

7
**III.    Petitioner Has Not Exhausted Claims**

8
        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

9
a federal petition for writ of habeas corpus must first exhaust state judicial remedies.  28 U.S.C. §

10
2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court

11
the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v.*

12
*Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*,

13
854 F.2d 1158, 1163 (9th Cir. 1988).

14
15
        A petitioner can satisfy the exhaustion requirement by providing the highest state court

16
with a full and fair opportunity to consider each claim before presenting it to the federal court.

17
*Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971);

18
*Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state

19
20
court was given a full and fair opportunity to hear a claim if the petitioner has presented the

21
highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365.

22
        The petitioner must also have specifically informed the state court that he was raising a

23
federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669

24
(9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.

25
1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

26
///

27
///

28

1    In this case, Petitioner has not yet pursued any state remedy.  Accordingly, the Court must

2    dismiss the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22. [1]

3    **IV.    Certificate of Appealability**

4    A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a

5    district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v.*

6    *Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a

7    certificate of appealability is 28 U.S.C. § 2253, which provides:

8    
9    (a) In a habeas corpus proceeding or a proceeding under section 2255
     before a district judge, the final order shall be subject to review, on appeal, by
10   the court of appeals for the circuit in which the proceeding is held.

11   (b)  There shall be no right of appeal from a final order in a proceeding
     to test the validity of a warrant to remove to another district or place for
12   commitment or trial a person charged with a criminal offense against the
     United States, or to test the validity of such person's detention pending
13   removal proceedings.

14   
15   (c)    (1) Unless a circuit justice or judge issues a certificate of
     appealability, an appeal may not be taken to the court of appeals from—

16   
17   (A)  the final order in a habeas corpus proceeding in which the
     detention complained of arises out of process issued by a State court; or

18   (B)  the final order in a proceeding under section 2255.

19   
20   (2)  A certificate of appealability may issue under paragraph (1)
     only if the applicant has made a substantial showing of the denial of a
21   constitutional right.

22   (3)  The certificate of appealability under paragraph (1) shall
     indicate which specific issues or issues satisfy the showing required by
23   paragraph (2).

24   If a court denies a habeas petition, the court may only issue a certificate of appealability

25   "if jurists of reason could disagree with the district court's resolution of his constitutional claims

26   or that jurists could conclude the issues presented are adequate to deserve encouragement to

27   ----------------------
28   [1] The petition presents multiple other deficiencies that would require amendment if the petition were exhausted.  In
     the absence of exhaustion, the Court declines to address those deficiencies.

                                                        3

proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court declines to issue a certificate of appealability.

## V.        Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus without prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 21, 2016**                        /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE